FILED

2017 AUG 23  PM 4: 02

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH BARBARO,

    Plaintiff,

vs.                               CASE NO.: 6:17-cv-1540-ORL-40GJK

THE CAR STORE OF WEST
ORANGE, INC., a Florida for Profit
Corporation, and TODD PAQUETTE,
an Individual.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH BARBARO ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants, THE CAR STORE OF WEST ORANGE, INC., ("Car Store") and TODD PAQUETTE ("Paquette") (collectively "Defendants") and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, unlawful retaliation, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. Defendant Car Store provides 24 hour emergency towing services and road side assistance. Car Store principal address is Winter Garden, Florida (Orange County).

4. At all times relevant to this action, Defendant Paquette is a resident of the State of Florida, who owns and operates Car Store, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Car Store. By virtue of having regularly exercised that authority on behalf of Car Store, Paquette is an employer as defined by 29 U.S.C. § 201, et seq.

5. Plaintiff was an employee of the Defendants within the last three (3) years.

## COVERAGE

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

8. At all times material hereto, Defendants were the "employer" within the meaning of the FLSA.

9. Defendants were and continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendants were and are an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(C).

11. Based upon information and belief, the annual gross revenue of Defendants, individually and separately, was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

13. Plaintiff was employed with Defendants from December 2012 – June 1, 2017.

14. Plaintiff was a "truck driver."

15. Plaintiff's job duties included responding to calls in which a vehicle needed to be towed. Plaintiff would transport the towed vehicle to a location chosen by the customer which could include long distance vehicle transport. Plaintiff also provided emergency assistance including accident recovery, fuel delivery, battery changes and tire changes.

16. Plaintiff was paid by Defendants weekly and his wages were comprised of both an hourly wage and commissions.

17. During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks. Specifically, Plaintiff was regularly required to work fifty-five (55) or more hours per week.

18. Plaintiff was paid his straight time hourly wage for all hours worked. Plaintiff was not paid the overtime premium of one and one half times his hourly rate of pay for all hours worked over forty (40) hours.

19. Additionally, Plaintiff's weekly gross wages should include his weekly commissions in order to determine his true hourly rate for the pay period. The true hourly rate should then be used when determining Plaintiff's weekly overtime rate.

20. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

21. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

22. Plaintiff re-alleges and incorporates paragraphs 1-21 as if fully set forth herein.

23. Plaintiff regularly worked in excess of forty (40) hours per week.

24. Plaintiff was not properly compensated at the statutory rate of half time of Plaintiff's regular rate of pay. Additionally, Defendants did not aggregate Plaintiff's weekly gross wage to include his hourly pay and his weekly commissions to determine Plaintiff's weekly true hourly rate in order to calculate Plaintiff's weekly overtime rate of pay.

25. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

26. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

27. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for

all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

28. Defendants failed to properly disclose or apprise Plaintiff's rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

31. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

32. Plaintiff demands a trial by jury.

33. Defendants violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

and

c.    Defendants failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed as a "truck driver"; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this ____ day of August, 2017.

Respectfully submitted by,

/s/ James J. Henson
James J. Henson, Esq.
Florida Bar No. 77476
MORGAN & MORGAN, P.A.
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
Secondary Email: ssiagel@forthepeople.com
Attorney for Plaintiff