## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement and Release Agreement ("Agreement") is entered into between Joseph Barbaro and The Car Store of West Orange, Inc. ("Car Store") and Todd Paquette (collectively, "Defendants"), on the other hand (each, a "Party" and collectively, the "Parties").

1. **Recitals**

    1.1   Whereas, Joseph Barbaro, formerly employed by Defendants, has filed a lawsuit against Defendants titled Joseph Barbaro v. The Car Store of West Orange, Inc. and Todd Paquette, United States District Court, Middle District of Florida, Case No. 6:17-cv-1540-Orl-40-GJK (the "Lawsuit") alleging claims under the Fair Labor Standards Act ("FLSA") relating to allegedly unpaid overtime;

    1.2   Whereas, Defendant Car Store and Paquette dispute the claims asserted in the Lawsuit and contend that each has properly paid Plaintiff for all wages and other sums due;

    1.3   Whereas, the Parties have concluded that in order to avoid the further expense, inconvenience, and uncertainty that would be involved in litigation of the claims alleged in the Lawsuit, it would be desirable to settle, release, compromise, and discharge fully the claims in the manner and upon the terms and conditions set forth in this Agreement.

2. **Court Approval and Stipulation for Dismissal of the Lawsuit.**

    2.1   The Parties shall submit this Settlement Agreement to the Court for approval in the form of a joint motion to approve this settlement and dismiss the case with prejudice as to Plaintiff's claim, each side to bear its own attorneys' fees and costs, except as to the payment to Plaintiff's counsel specifically set forth in this Agreement.  Such motion shall be substantially in the form of Exhibit A hereto. This Agreement shall not be effective unless and until approved by the Court.  The Parties shall cooperate in the process of seeking judicial approval, and each agree not to appeal or seek other review of the dismissal of the Lawsuit.

### 3. <u>Consideration.</u>

In consideration for the promises and releases made by Plaintiff in this Agreement, Defendants shall make payments to Plaintiff and Plaintiff's counsel in the total gross amount of Thirty-Two Thousand Five Hundred Dollars ($32,500.00) (the "Monies"). The Monies shall be paid in equal monthly installment payments made over a period of Twenty-Four (24) consecutive months (the "Installment Payments"). The first payment shall be paid on the 15th day of the month following Court approval of the Parties Joint Motion to Approve this Release.

3.1 The Monies shall be allocated as follows:

3.1.1 $12,000 payable to Plaintiff as wages, which shall be reported via a Form W-2, attributable to the wage income in the year of payment;

3.1.2 $12,000 payable to Plaintiff as liquidated damages, which shall be reported via Form 1099-Misc;

3.1.3 $8,500 payable to Morgan & Morgan, Plaintiff's counsel of record in the Lawsuit, as payment for Plaintiff's attorney's fees and costs;

3.2 For each monthly installment payment Defendants shall issue Three (3) checks as follows:

3.2.1 $500 payable to Joseph Barbaro as Wages;

3.2.2 $500 payable to Joseph Barbaro as Liquidated Damages;

3.2.3 $354.17 payable to Morgan & Morgan;

3.3 Each month Defendants shall deliver no later than the 15th day of the month all of the checks described in Paragraphs 3.2.1 through 3.2.3 above to Plaintiff's counsel of record in the Lawsuit (Morgan & Morgan, P.A., c/o James J. Henson, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801).

    3.4  Plaintiff shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment tax or any other withholding, if any, on the settlement payments described this Agreement.  Should it be determined that Plaintiff owes any taxes or related payments as a result of this settlement, Plaintiff agrees to pay all of the aforementioned taxes and any costs, fees, interest, assessments, penalties, damages or other losses resulting from any such determination.  In the event Defendants are contacted by the Internal Revenue Service, the Florida Department of Revenue, or other taxing authority regarding this payment, Defendants will notify Plaintiff's counsel within 10 business days.  Plaintiff agrees that he has had the opportunity to obtain advice from a tax professional and represents and warrants that he has been advised to consult an accountant or professional tax preparer about this Agreement.  Defendants make no representation as to the taxability of the consideration provided under this Agreement, and Plaintiff hereby acknowledges that he does not rely on any such representation in deciding to execute this Agreement.

  **4.**  **Release of Claims.**

In exchange for the settlement consideration provided by Defendants under this Agreement, Plaintiff hereby waives, releases and discharges the Defendants from any and all liability and damages of any nature related to or resulting from Plaintiff's claims as set forth in the Lawsuit.  Plaintiff understands and expressly agrees that he waives the right to receive any further compensation or damages other than that set forth herein if he institutes a claim, charge, action or legal proceeding against the Defendants, or any one of them, or if an agency or entity sues or brings any action against the Defendants, or any one of them, on behalf of Plaintiff for FLSA overtime and other wage claims and retaliation claims released under this Agreement.

Notwithstanding the foregoing, nothing contained in this Agreement shall prevent any party from filing a lawsuit for the purpose of enforcing their rights under this Agreement.

5. **No Prevailing Party, No Additional Payment of Attorneys' Fees, and No Admission of Liability.**

This Agreement affects the settlement of disputes which are denied and contested and nothing contained herein should be construed as an admission by any Party of any liability of any kind with respect thereto.  All such liability is expressly denied.  Plaintiff acknowledges that no Party to this Agreement is a prevailing Party for any purpose, and Defendants agree that to the extent the Lawsuit is dismissed and remains dismissed and is not litigated further, it will not be entitled to recover or seek any attorneys' fees or costs from Plaintiff.  Plaintiff agrees that they have no right to collect any costs or fees beyond those set forth in Paragraph 3.1.3 and 3.2.3 of this Agreement.  Plaintiff further agrees that his counsel has no independent right to recover any additional costs or fees beyond those that may be included in the settlement sums in Paragraph 3.1.3 and 3.2.3  of this Agreement.

6. **Consultation With Counsel.**

The Parties represent and warrant, each on his or its own behalf, that they have been advised to and have discussed this Agreement with their respective attorneys, that they have carefully read and fully understand all of the provisions of this Agreement, and that they are entering into this Agreement voluntarily.

7. **Ramifications of Breach.**

The Parties agree that the provisions of this Agreement shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action contrary to this Agreement, and this Agreement may be pled as a defense, offset and/or as a counter-claim or

cross-claim in such action. The Parties further agree that should Defendants fail to make any of the Installment Payments within Ten (10) days of the time frames described in Paragraph 3 above, Plaintiff shall have the right to accelerate all remaining outstanding payments and initiate a lawsuit to enforce this Release in the state courts of Orange County, Florida. In such action the Parties stipulate to a final judgment against The Car Store of West Orange, Inc. and Todd Paquette, jointly and severally, for the balance of all payments due under this Agreement plus attorneys' fees and costs incurred in securing such judgment.

8.      **Choice of Law and Venue.**

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

9.      **Integration.**

This Agreement is the only, sole, entire and complete agreement of the Parties relating in any way to the subject matter hereof. No statements, promises or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as may be expressly provided herein. No Party is relying on any representations, warranties, undertakings, agreements, or understandings except as expressly set forth in this Agreement. In the negotiation and execution of this Agreement, each Party has been represented by counsel of his or its own selection.

10. **Interpretation.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed in favor of or against any Party.

11. **Counterparts.**

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12. **Authority to Execute.**

Each Party represents and warrants to the other Parties that the signatories to the Agreement are competent and have been duly authorized to execute the Agreement on behalf of the entities or individuals identified below.

13. **Effective Date.**

This Agreement shall become effective upon the date that all the following have occurred: (a) all Parties have signed this Agreement, and a copy executed by each has been delivered to counsel for each Party; (b) the Court has entered an order approving this Settlement and dismissing the Lawsuit with prejudice; and (c) Plaintiff and his counsel have provided such W-9 forms as are requested by Defendants.

READ AND AGREED TO:

DATED: __1-31__, 2018

*Joseph J. Barbaro*
Joseph Barbaro

DATED: _____, 2018

_____
Todd Paquette

DATED: _____, 2018

_____
The Car Store of West Orange, Inc.
By _____
Its _____

READ AND AGREED TO:

DATED: _____, 2017         _____
                                     Joseph Barbaro

DATED: 5 Feb. 18, 2017              _/s/ Todd Paquette_____
                                     Todd Paquette


DATED: 2/5/18 , 2017                _____
                                     The Car Store of West Orange, Inc.
                                     By _____
                                     Its _Garrett Paquette - Pres_____

Page 7