**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement and Release Agreement ("Agreement") is entered into between Joseph Barbaro and The Car Store of West Orange, Inc. ("Car Store") and Todd Paquette (collectively, "Defendants"), on the other hand (each, a "Party" and collectively, the "Parties").

1. **Recitals**

    1.1  Whereas, Joseph Barbaro, formerly employed by Defendants, has filed a lawsuit against Defendants titled Joseph Barbaro v. The Car Store of West Orange, Inc. and Todd Paquette, United States District Court, Middle District of Florida, Case No. 6:17-cv-1540-Orl-40-GJK (the "Lawsuit") alleging claims under the Fair Labor Standards Act ("FLSA") relating to allegedly unpaid overtime;

    1.2  Whereas, Defendant Car Store and Paquette dispute the claims asserted in the Lawsuit and contend that each has properly paid Plaintiff for all wages and other sums due;

    1.3  Whereas, the Parties have concluded that in order to avoid the further expense, inconvenience, and uncertainty that would be involved in litigation of the claims alleged in the Lawsuit, it would be desirable to settle, release, compromise, and discharge fully the claims in the manner and upon the terms and conditions set forth in this Agreement.

2. **Court Approval and Stipulation for Dismissal of the Lawsuit.**

    2.1  The Parties shall submit this Settlement Agreement to the Court for approval in the form of a joint motion to approve this settlement and dismiss the case with prejudice as to Plaintiff's claim, each side to bear its own attorneys' fees and costs, except as to the payment to Plaintiff's counsel specifically set forth in this Agreement. Such motion shall be substantially in the form of Exhibit A hereto. This Agreement shall not be effective unless and until approved by the Court. The Parties shall cooperate in the process of seeking judicial approval, and each agree not to appeal or seek other review of the dismissal of the Lawsuit.

3. **Consideration.**

In consideration for the promises and releases made by Plaintiff in this Agreement, Defendants shall make payments to Plaintiff and Plaintiff's counsel in the total gross amount of Thirty-Two Thousand Five Hundred Dollars ($32,500.00) (the "Monies"). The Monies shall be paid in equal monthly installment payments made over a period of Twenty-Four (24) consecutive months (the "Installment Payments"). The first payment shall be paid on the 15th day of the month following Court approval of the Parties Joint Motion to Approve this Release.

    3.1    The Monies shall be allocated as follows:

        3.1.1    $12,000 payable to Plaintiff as wages, which shall be reported via a Form W-2, attributable to the wage income in the year of payment;

        3.1.2    $12,000 payable to Plaintiff as liquidated damages, which shall be reported via Form 1099-Misc;

        3.1.3    $8,500 payable to Morgan & Morgan, Plaintiff's counsel of record in the Lawsuit, as payment for Plaintiff's attorney's fees and costs;

    3.2    For each monthly installment payment Defendants shall issue Three (3) checks as follows:

        3.2.1    $500 payable to Joseph Barbaro as Wages;

        3.2.2    $500 payable to Joseph Barbaro as Liquidated Damages;

        3.2.3    $354.17 payable to Morgan & Morgan;

    3.3    Each month Defendants shall deliver no later than the 15th day of the month all of the checks described in Paragraphs 3.2.1 through 3.2.3 above to Plaintiff's counsel of record in the Lawsuit (Morgan & Morgan, P.A., c/o James J. Henson, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801).

   3.4 Plaintiff shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment tax or any other withholding, if any, on the settlement payments described this Agreement. Should it be determined that Plaintiff owes any taxes or related payments as a result of this settlement, Plaintiff agrees to pay all of the aforementioned taxes and any costs, fees, interest, assessments, penalties, damages or other losses resulting from any such determination. In the event Defendants are contacted by the Internal Revenue Service, the Florida Department of Revenue, or other taxing authority regarding this payment, Defendants will notify Plaintiff's counsel within 10 business days. Plaintiff agrees that he has had the opportunity to obtain advice from a tax professional and represents and warrants that he has been advised to consult an accountant or professional tax preparer about this Agreement. Defendants make no representation as to the taxability of the consideration provided under this Agreement, and Plaintiff hereby acknowledges that he does not rely on any such representation in deciding to execute this Agreement.

  **4.** **<u>Release of Claims.</u>**

In exchange for the settlement consideration provided by Defendants under this Agreement, Plaintiff hereby waives, releases and discharges the Defendants from any and all liability and damages of any nature related to or resulting from Plaintiff's claims as set forth in the Lawsuit. Plaintiff understands and expressly agrees that he waives the right to receive any further compensation or damages other than that set forth herein if he institutes a claim, charge, action or legal proceeding against the Defendants, or any one of them, or if an agency or entity sues or brings any action against the Defendants, or any one of them, on behalf of Plaintiff for FLSA overtime and other wage claims and retaliation claims released under this Agreement.

Notwithstanding the foregoing, nothing contained in this Agreement shall prevent any party from filing a lawsuit for the purpose of enforcing their rights under this Agreement.

5. **No Prevailing Party, No Additional Payment of Attorneys' Fees, and No Admission of Liability.**

This Agreement affects the settlement of disputes which are denied and contested and nothing contained herein should be construed as an admission by any Party of any liability of any kind with respect thereto. All such liability is expressly denied. Plaintiff acknowledges that no Party to this Agreement is a prevailing Party for any purpose, and Defendants agree that to the extent the Lawsuit is dismissed and remains dismissed and is not litigated further, it will not be entitled to recover or seek any attorneys' fees or costs from Plaintiff. Plaintiff agrees that they have no right to collect any costs or fees beyond those set forth in Paragraph 3.1.3 and 3.2.3 of this Agreement. Plaintiff further agrees that his counsel has no independent right to recover any additional costs or fees beyond those that may be included in the settlement sums in Paragraph 3.1.3 and 3.2.3 of this Agreement.

6. **Consultation With Counsel.**

The Parties represent and warrant, each on his or its own behalf, that they have been advised to and have discussed this Agreement with their respective attorneys, that they have carefully read and fully understand all of the provisions of this Agreement, and that they are entering into this Agreement voluntarily.

7. **Ramifications of Breach.**

The Parties agree that the provisions of this Agreement shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action contrary to this Agreement, and this Agreement may be pled as a defense, offset and/or as a counter-claim or

cross-claim in such action. The Parties further agree that should Defendants fail to make any of the Installment Payments within Ten (10) days of the time frames described in Paragraph 3 above, Plaintiff shall have the right to accelerate all remaining outstanding payments and initiate a lawsuit to enforce this Release in the state courts of Orange County, Florida. In such action the Parties stipulate to a final judgment against The Car Store of West Orange, Inc. and Todd Paquette, jointly and severally, for the balance of all payments due under this Agreement plus attorneys' fees and costs incurred in securing such judgment.

8. **Choice of Law and Venue.**

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

9. **Integration.**

This Agreement is the only, sole, entire and complete agreement of the Parties relating in any way to the subject matter hereof. No statements, promises or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as may be expressly provided herein. No Party is relying on any representations, warranties, undertakings, agreements, or understandings except as expressly set forth in this Agreement. In the negotiation and execution of this Agreement, each Party has been represented by counsel of his or its own selection.

10. **Interpretation.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed in favor of or against any Party.

11. **Counterparts.**

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12. **Authority to Execute.**

Each Party represents and warrants to the other Parties that the signatories to the Agreement are competent and have been duly authorized to execute the Agreement on behalf of the entities or individuals identified below.

13. **Effective Date.**

This Agreement shall become effective upon the date that all the following have occurred: (a) all Parties have signed this Agreement, and a copy executed by each has been delivered to counsel for each Party; (b) the Court has entered an order approving this Settlement and dismissing the Lawsuit with prejudice; and (c) Plaintiff and his counsel have provided such W-9 forms as are requested by Defendants.

READ AND AGREED TO:

DATED: ___1-31___, 2018    _____/s/ Joseph J. Barbaro_____
                            Joseph Barbaro

DATED: _____, 2018     _____
                            Todd Paquette


DATED: _____, 2018     _____
                            The Car Store of West Orange, Inc.
                            By _____
                            Its _____

READ AND AGREED TO:

DATED: _____, 2017                    _____
                                              Joseph Barbaro

DATED: _5 Feb. 18, 2017_                      _/s/ Todd Paquette_
                                              _____
                                              Todd Paquette

DATED: _2/5/18_____, 2017                   The Car Store of West Orange, Inc.
                                              By _____
                                              Its _Garrett Paquette - Pres_

Page 7

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH BARBARO

    Plaintiff,

                                            CASE NO.:   6:17-cv-1540-Orl-40-GJK

vs.

THE CAR STORE OF WEST
ORANGE, INC., and TODD
PAQUETTE,

    Defendants.               /

## JOINT MOTION FOR REVIEW AND APPROVAL OF SETTLEMENT

JOSEPH BARBARO ("Plaintiff") and THE CAR STORE OF WEST ORANGE, INC. and TODD PAQUETTE ("Defendants"), (Plaintiff and Defendants collectively referred to as "Parties"), file this joint motion for approval of the Parties' settlement in the above-captioned matter. Attached as **Exhibit A** is a copy of the parties signed and dated Settlement Agreement. In support of this Motion, the Parties state as follows:

**I.**    **Legal Principles**

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by an employee. First, § 216(c) of the FLSA allows an employee to settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in a private lawsuit brought by an employee

against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. Accordingly, the court has the authority to approve the Parties' Motion for Approval of Settlement.

## II.     **The Disputed Issues In The Adversarial Action At Hand**

In accordance with the legal principles outlined above, the Parties respectfully request that the Court approve the Parties' settlement of Plaintiff's FLSA claim. The Parties agree that the instant adversarial action involves disputed factual and legal issues, including: (i) whether Plaintiff is entitled to receive any additional payment for overtime

hours; (ii) the number of unpaid overtime hours, if any, worked by Plaintiff; and, (iii) whether Plaintiff is entitled to recover liquidated damages.

Prior to exchanging written discovery, but after exchanging documents reflecting Plaintiff's payroll records and schedules, Plaintiff responding to this Court's interrogatories and a settlement conference between counsel for the parties, the Parties, represented at all times by undersigned counsel, engaged in settlement discussions which resulted in the attached Settlement Agreement.

The Parties reviewed and assessed the potential risks of litigation with their respective counsel.  The Parties agree that the negotiated terms of settlement, as summarized below, reflect a reasonable compromise of all disputed issues, and that the negotiated settlement is in the Parties' best interests.

**III.        Background and Terms Of Settlement**

Plaintiff claimed that he worked unpaid overtime from December 2012 until his employment was terminated in June 2017, but that Defendants failed to pay Plaintiff for overtime hours worked.  (*See* Complaint ¶¶ 13, 16-18-7).  Defendants dispute Plaintiff's claims.  For purposes of settling the claim and avoiding unnecessary litigation costs and fees, however, Defendants have agreed to pay Plaintiff $12,000 in back wages and an equal amount for liquidated damages.  Defendants also agreed to pay $8,500 in Plaintiff's attorneys' fees and costs. *See* **Exhibit A.**

Plaintiff's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff.  *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d, 1222, 1228 (M.D. Fla. 2009)

## IV. Conclusion

The settlement in the instant matter is fair and was structured in a similar manner as many FLSA settlements previously approved by courts. The Parties jointly and respectfully request that this Court approve the settlement agreement between the Parties and dismiss this action with prejudice. The Parties agree that this is a fair settlement and that it is in all Parties' best interests to resolve this matter, pay the settled claims, and dismiss this matter with prejudice. The Parties request that this Court reserve jurisdiction to enforce the terms of the attached Settlement Agreement, and award attorneys' fees and costs to any party who is required to seek judicial enforcement of the Agreement due to another party's breach.

Respectfully submitted this __th day of February 2018.

| **BOGIN, MUNNS & MUNNS, P.A.** | **MORGAN & MORGAN, P.A.** |
|---|---|
| By: */s/ John W. Bolanovich*<br>John W. Bolanovich, Esq.<br>Florida Bar No. 143707<br>Bogin, Munns & Munns, P.A<br>1000 Legion Place, Suite 1000<br>Orlando, FL 32801<br>Phone: 407-578-1334<br>Fax: 407-578-2181<br>Primary E-mail: jbolanovich@boginmunns.com<br>Secondary E-mail: bmmservice@boginmunns.com<br>Alternate E-mail: dskora@boginmunns.com<br>*Attorney for Defendants* | By: */s/James J. Henson*<br>James J. Henson, Esq.<br>Florida Bar No. 77476<br>MORGAN & MORGAN, P.A.<br>20 North Orange Avenue, 14th Floor<br>Orlando, FL 32802-4979<br>Tel.: (407) 428-6241<br>Fax: (407) 245-3342<br>Email: jjhenson@forthepeople.com<br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __th day of February 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ JAMES J. HENSON
James J. Henson, Esquire